**THIRD DIVISION
DOYLE, P. J.,
MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**November 13, 2025**

# In the Court of Appeals of Georgia

A25A2135. OKEKE v. CITY OF ATLANTA et al.

PADGETT, Judge.

Ugochukwu Okeke appeals from the trial court's dismissal of his complaint against the City of Atlanta (the "City") and one of its employees, seeking damages for injuries arising out of a motor vehicle collision between Okeke's vehicle and a City fire truck. On appeal, Okeke claims the trial court erred in dismissing his complaint on the ground that he did not properly serve his ante litem notice on the appropriate person, on behalf of the City, as required by OCGA § 36-33-5. For the reasons that follow, we affirm.

We review the grant or denial of a motion to dismiss de novo and, "in so doing, construe the pleadings in [the] light most favorable to the plaintiff, with any doubts

resolved in the plaintiff's favor." *City of Lafayette v. Chandler*, 354 Ga. App. 259, 260 (840 SE2d 638) (2020).

Viewed in this light, the pleadings show that on June 24, 2020, Okeke was injured in a motor vehicle accident involving a City fire truck. Shortly thereafter, on July 1, 2020, Okeke sent an ante litem notice by certified mail and addressed to "City of Atlanta Mayor's Office, Office of the Chief Operating Officer, Attn: Joshua Williams, 55 Trinity Ave SW, [Suite] 2500, Atlanta, GA 30303."[1] He later sent a second ante litem notice, dated November 25, 2020, again by certified mail, but addressed to "City of Atlanta, Mayor's Office, Attn: Amber Robinson," with the same street address and suite number as the first ante litem notice.[2] In October 2022, Okeke filed the present negligence action against the City, seeking damages for personal injuries, and alleging that the City had been served with an ante litem notice. The City moved to dismiss Okeke's complaint, arguing that he failed to serve the ante litem notice in accordance with OCGA § 36-33-5 (f). The trial court agreed, finding

---

[1] At the time, Joshua Williams served as Chief Operating Officer of the City.

[2] The record shows that Amber Robinson was an attorney with the City of Atlanta Law Department, with an office address of "55 Trinity Avenue SW Suite 5000."

that Okeke's "ante litem notice did not comply with the requirements of OCGA § 36-33-5" because he "did not properly serve the appropriate person on behalf of the City[.]" This appeal followed.

Under the ante litem notice statute, OCGA § 36-33-5, "anyone who intends to assert a claim against a municipal corporation for monetary damages arising from personal injuries or property damage must first provide written notice of the claim" to the municipality within six months of the incident upon which the claim is based. *City of Alpharetta v. Francis*, 366 Ga. App. 454, 455 (1) (883 SE2d 400) (2023); see OCGA § 36-33-5 (a). The statute requires that written notice of the claim "shall be served upon the mayor or the chairperson of the city council or city commission, as the case may be, by delivering the claim to such official personally or by certified mail or statutory overnight delivery." OCGA § 36-33-5 (f).

Our Supreme Court recently considered the type of service that may satisfy OCGA § 36-33-5 (f) in *Fleureme v. City of Atlanta*, ___ Ga. ___ (917 SE2d 593) (2025). There, the Supreme Court examined the question of "whether the statutory requirement to serve an ante litem notice on 'the mayor' may be satisfied by mailing to the correct mailing address a notice that is addressed to the 'Office of the Mayor[,]'" id. at 594 (1), and concluded a notice addressed in such a manner "may satisfy the statute's service requirement." Id. at 595 (2) (a). In reaching that conclusion, the Supreme Court determined that "mailing a notice to the office where 'the mayor' (or 'the chairperson of the city council or city commission,' for that matter) works, addressed to the formal title of the official's office, is a reasonable way to 'deliver[ ]' the claim to the relevant official." Id.

The Supreme Court thus rejected the view, which had been adopted by this Court, that the notice under the ante litem statute had to be addressed, by name, to the individual who held the office of mayor or chairperson of the city council. Id. at 598 (2) (b). In doing so, the Supreme Court expressly disapproved of this Court's opinion in *City of Albany v. GA HY Imports, LLC*, 348 Ga. App. 885, 891 (1) (825 SE2d 385) (2019), which held that a plaintiff must "strictly comply" with the ante

litem statute's service requirement. *Fleureme*, 917 SE2d at 598-599 (2) (b). The Supreme Court instead counseled that "substantial compliance with the municipal ante litem notice statute is all that is required[,]" meaning that while "absolute exactness need not be had," a plaintiff still must demonstrate "substantive compliance with the statute," and that a notice "that is not even calculated to be delivered to the office of the officials expressly specified in subsection (f) would not substantially comply with its service requirement." Id. at 598 (2) (b) (citations, punctuation, and emphasis omitted). Indeed, the Supreme Court opined that substantive compliance does not mean that service of the ante litem notice on individuals associated with the municipal corporation other than those specified in subsection (f) would be sufficient or that "a claimant would not actually have to serve the mayor or chairperson as subsection (f) require[s.]" Id.

Here, the two ante litem notices were not simply addressed to the office of the mayor at the correct address for that office, as was the case in *Fleureme*. Id. at 594 (1). Instead, Okeke served his first ante litem notice on the City's chief operating officer and his second on an attorney employed by the City. Neither of these persons was, or held the office of, mayor or chairperson of the city council of the City. By serving his

ante litem notices on the City's chief operating officer and one of its attorneys, Okeke did not substantively comply with subsection (f)'s requirement that notice of his claim be served "upon the mayor or the chairperson of the city council[,]" and his complaint was therefore properly dismissed. See OCGA § 36-33-5 (f).

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*